UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI RAMANI,

                Plaintiff,

       -against-

YOUTUBE LLC,

                Defendant.

19-CV-9499 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action against YouTube regarding his YouTube channel. Plaintiff brought a similar complaint against YouTube that the Court transferred to the United States District Court for the Northern District of New York. *See Ramani v. YouTube LLC*, ECF 1:17-CV-5746, 2 (CM) (S.D.N.Y. Sept. 20, 2019). For the reasons stated in the order transferring Plaintiff's prior case, *see* ECF 1:17-CV-5746, 25, the Court also transfers this action to the United States District Court for the Northern District of California.

## DISCUSSION

**A.    YouTube's forum selection clause**

    According to YouTube's service agreement, users, like Plaintiff, must agree to certain terms to upload and otherwise use YouTube. One of those terms states that YouTube's "Service shall be deemed solely based in California; and (ii) the Service shall be deemed a passive website that does not give rise to personal jurisdiction over YouTube, either specific or general, in jurisdictions other than California." *Song fi, Inc. v. Google Inc.*, 72 F. Supp.3d 53, 56 (D. D.C. 2014) (transferring action to the Northern District of California based on YouTube's forum selection clause). That term also requires that "[a]ny claim or dispute shall be decided

exclusively by a court of competent jurisdiction located in Santa Clara County, California." *Id.* at 56-57.

B.      **Transfer to the Northern District of California**

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[1] Under § 1391(b)(1)), venue may be proper here because YouTube may be subject to personal jurisdiction based on its contacts within this district.

But even where a court determines that venue is proper, the court may transfer the action "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). For example, transfer may be appropriate where the parties previously agreed to a

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

2

forum selection clause because § 1404(a) is an appropriate mechanism for enforcing such a clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).

When deciding whether to transfer under § 1404(a) based on a forum selection clause, courts do not consider where the plaintiff filed the action because "the plaintiff's choice of forum merits no weight." *Id.* at 63. Moreover, courts do not need to consider any inconvenience to the parties in litigating the action in the preselected forum. *Id.* Finally, while courts may consider "public-interest factors," those factors rarely affect the decision to transfer. Generally, "forum-selection clauses should control except in unusual cases." *Id.*

Courts may transfer cases on their own initiative under § 1404(a). *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

The Court concludes that YouTube's forum selection clause controls and transfers the action to the United States District Court for the Northern District of California.

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California. The Clerk of Court is further directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Whether

3

Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   November 12, 2019
           New York, New York

                                                           COLLEEN McMAHON
                                            Chief United States District Judge